## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DAVID RAMSEY,<br>Plaintiff,<br><br>vs<br><br>FRISCH'S,<br>Defendant. | Case No. 1:16-cv-1129<br><br>Black, J.<br>Litkovitz, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this *pro se* civil action against Frisch's alleging discrimination in employment under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii). The plaintiff's complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (citations omitted); *Wysong v. Dow Chemical Co.,* 503 F.3d 441, 446 (6th Cir. 2007). The complaint must also provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Plaintiff's complaint alleges the following statement of facts:

> After being refused time off & vacations. August 13, 2015 I refused to push back my vacation again for about the six time I was fired. My two week vacation was supposed to start August 17, 2015.
>
> Witnesses, Manager Harold, Chris, Diana & every employee for the last several years. It was not pushed back or not giving. I've had knife's ran down my back, I've been punch in my face. No one fired.

(Doc. 1, Complaint at 2-3). Plaintiff seeks monetary relief. (*Id.* at 3).

In this case, plaintiff's complaint fails to state a claim of employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* Title VII prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 133 S.Ct. 2517, 2523 (2013) (citing 42 U.S.C. § 2000e–2(a)). Plaintiff fails to allege any facts

from which the Court could reasonably infer that he was discriminated against on the basis of his race, age, sex, disability, or any other protected characteristic. *Iqbal*, 556 U.S. at 678. Instead, plaintiff's complaint, liberally construed, alleges he was terminated when he refused to delay his vacation.

Even if the allegations contained in the EEOC charge of discrimination, which is attached to the complaint, are considered part of plaintiff's complaint, plaintiff does not allege any facts to permit the Court to plausibly infer that he was terminated because he is a member of a protected group. The EEOC charge of discrimination alleges that plaintiff is African American. The charge states, "On August 13, 2015, Diane (LNU), Caucasian, Manager, retaliated and released me from my assignment, which I believe was due to my race." (Doc. 1, PAGEID #:8). The charge further states that "[m]anagement is responsible for the above actions" and "I believe I have been discriminated and retaliated against because of my race, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*). Plaintiff's assertion that the manager who terminated him is Caucasian is not sufficient to support the inference that defendant terminated plaintiff on account of his race. Plaintiff has not alleged any other facts from which the Court could plausibly infer that his termination was somehow related to his race, such as facts indicating he was treated less favorably than non-African American, similarly situated employees. Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination case pursuant to Rule 12(b)(6) where the plaintiff failed to allege facts from which a reasonable person could infer how his race or gender factored into the

employer's employment decision); *Anaissie v. Univ. of Cincinnati Physicians, Inc.*, No. 1:15-cv-701, 2016 WL 695932, at *2 (S.D. Ohio Feb. 22, 2016) (allegations that plaintiff was of Middle Eastern ancestry and was terminated despite performing his duties capably were insufficient to allow plausible inference that plaintiff was terminated due in part to his national origin). Plaintiff's statement that he "believe[s]" he has "been discriminated and retaliated against" because of his race is a legal conclusion that is unsupported by any factual enhancement or explanation. The Court need not accept plaintiff's factually unsupported beliefs as true. *In re Darvocet, Darvon, & Propoxyphene Prod. Liab. Litig.*, 756 F.3d 917, 931 (6th Cir. 2014) ("The mere fact that someone believes something to be true does not create a plausible inference that it is true."). A pleading that offers "labels and conclusions . . . will not do." *Twombly*, 550 U.S. at 555. Plaintiff's complaint does not include sufficient facts to state a claim for relief for race discrimination.

Accordingly, the undersigned concludes that the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277

(6th Cir. 1997).

Date: 12/9/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID RAMSEY,
    Plaintiff,

vs.

FRISCH'S,
    Defendant.

Case No. 1:16-cv-1129

Black, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).